# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMAL L. LEWIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2665** |
| **STEVE RADER, WARDEN** | **SECTION "G"(4)** |

## PARTIAL REPORT AND RECOMMENDATION

Before the Court is a **Motion for Stay of Action (R. Doc. No. 5)** filed by the pro se petitioner, Jamal L. Lewis ("Lewis"), seeking a stay in this 28 U.S.C. § 2254 federal habeas corpus proceeding. The motion was referred to this United States Magistrate Judge for Report and Recommendation.[1]

## I.  Factual and Procedural Background

Lewis filed the captioned proceeding seeking issuance of a writ of habeas corpus in connection with his October 22, 2009 conviction in Jefferson Parish for the manslaughter of Martell Callahan. According to the record and this Court's research, Lewis stabbed the 15-year-old Callahan while they were "play fighting" with a folding knife.[2] Lewis's conviction and sentence were affirmed by the Louisiana Fifth Circuit Court of Appeal on February 15, 2011.[3] The Louisiana Supreme Court denied without stated reasons Lewis's subsequent writ application on September 23, 2011.[4]

---

[1] R. Doc. No. 8.

[2] *State v. Lewis*, 61 So.3d 78, 80-83 (La. 5th Cir. 2011).

[3] *Id.* at 78.

[4] *State v. Lewis*, 69 So.3d 1156 (La. 2011).

Immediately thereafter, on October 10, 2011, Lewis signed and submitted his federal application to this Court, which was filed by the Clerk of Court on October 26, 2011. Contemporaneous therewith, Lewis also filed the Motion for Stay of Action presently before the Court. Lewis argues therein that his federal petition should be stayed to allow him to exhaust unspecified claims of ineffective assistance of counsel that could not have been brought in his direct appeal. He suggests that the stay will allow him time to exhaust state court post-conviction review of those claims, so that all errors can be brought to this Court under § 2254. For the following reasons, Lewis's motion to stay this action should be denied.

## II.     Analysis

In *Pliler v. Ford*, 542 U.S. 225, 231 (2004), the United States Supreme Court addressed the availability of a stay-and-abeyance in connection with "mixed petitions" containing both exhausted and unexhausted claims. *See also*, *Pliler*, 542 U.S. at 227. The *Pliler* Court ultimately reiterated the long-standing directive that a mixed petition be dismissed without prejudice to allow exhaustion. *Pliler*, 543 U.S. at 233. The Supreme Court recognized that a petitioner had two choices when faced with dismissal of a mixed petition: (1) return to the state courts to exhaust his claims in full; or (2) amend or resubmit his petition to raise only exhausted claims in the federal district court. *Id*.

The Supreme Court later held that stay-and-abeyance was an extraordinary remedy not to be made readily available to a habeas petition. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," and is appropriate only when the district court determines that there was "good cause" for the failure to exhaust. *Id.* at 277. Stays are also improper when the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id*.

In the instant case, Lewis has not brought to this Court a mixed petition. The two claims raised in this petition are insufficiency of the evidence and excessive sentence. These claims were exhausted through Lewis's direct appeal. In his motion, not the petition, he suggests that he plans at some point to present claims of ineffective assistance of counsel to the state courts on post-conviction and eventually to this Court when he completes exhaustion. This takes his current petition out of *Pliler/Rhines* consideration for a stay.

Lewis has not outlined his arguments in support of an ineffective assistance of counsel claim, or presented them to any court for consideration. Therefore, this Court is unable to determine the potential merit of the claims for evaluation of the request for stay under *Rhines*.

In addition, Lewis's state appeal was only just completed in September of 2011. He is not under any impending post-conviction limitations deadline under either state or federal law. Should he diligently pursue his state post-conviction review, any time he spends there would be tolled to allow him to return here for his one bite at the federal habeas apple. In other words, prior to this filing, there was no threat to his ability to bring his claims in a procedural proper manner at a later date.

Instead of diligently pursuing his state post-conviction remedies, Lewis has chosen to bring to this Court the only two exhausted claims. As of the filing of his petition and this motion, Lewis indicated that he had not yet begun the state post-conviction process. His filing of the federal petition and this motion to stay, because of ineffective assistance claims he has never pursued, therefore are manipulative and abusive litigation tactics. Under the limited guidelines set forth in *Rhines*, he is not entitled to a stay.

In his federal petition, Lewis has raised two claims which are ripe for review and which the State opposes as meritless based on the state court appellate review.[5] The Court will address the merits

---

[5] R. Doc. No. 9.

3

of these arguments in a later Report and Recommendation. For now, Lewis is not entitled to indefinitely stay this petition for him to eventually begin his pursuit of state post-conviction review and eventually return here to add other claims. This would be contrary to the limited application of the stay-and-abeyance doctrine recognized in *Rhines*. The stay is not to be used in lieu of the petitioner's diligent exhaustion; its purpose is to allow for completion of exhaustion where good cause is shown for the failure to fully exhaust. *Rhines*, 544 U.S. at 278. That is not the case here. Lewis has failed to show any good cause for his failure to exhaust before filing here or for the issuance of a stay in this case.

### III. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Jamal L. Lewis's **Motion for Stay of Action (R. Doc. No. 5)** be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[6]

New Orleans, Louisiana, this 29th day of December, 2011.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[6]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.