UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JAMES L. LEWIS | § | CIVIL ACTION NO. 11-2665 "G"(4) |
| | § | |
| V. | § | JUDGE NANNETTE JOLIVETTE |
| | § | BROWN |
| STEVE RADER, Warden | § | |
| | § | MAGISTRATE JUDGE KAREN WELLS |
| | § | ROBY |

## <u>ORDER AND REASONS</u>

Before the Court are *pro se* petitioner Jamal L. Lewis' ("Petitioner") Motion for Stay of Action[1] and Petitioner's "Motion for Objection and Request for Dismissal of Instant Suit Without Prejudice,"[2] which was filed in response to the Partial Report and Recommendation filed by Magistrate Judge Karen Wells Roby.[3]

On October 26, 2011, Petitioner filed his Petition for Writ of Habeas Corpus with this Court.[4] In his petition, Petitioner seeks a writ of habeas corpus on the grounds of insufficiency of the evidence and excessive sentence imposed, both of which grounds were fully exhausted at the state level. Petitioner then filed a Motion for Stay of Action on October 27, 2011,[5] which this Court referred to Magistrate Judge Roby on November 3, 2011.[6]  In that motion, Petitioner seeks a stay of the current Petition for Writ of Habeas Corpus to allow him to pursue a third basis of possible relief, by allowing

---

[1] Rec. Doc. 5.

[2] Rec. Doc. 11.

[3] Rec. Doc. 10.

[4] Rec. Doc. 1.

[5] Rec. Doc. 5.

[6] Rec. Doc. 8.

1

him to stay the current habeas petition while he exhausts in state court a currently unexhausted claim for ineffective assistance of counsel.

A Partial Report and Recommendation was filed on December 29, 2011,[7] with objections due by January 12, 2012.  On January 10, 2012, Petitioner filed a pleading entitled "Motion for Objection and Request for Dismissal of Instant Suit Without Prejudice."[8]  Although labeled as a Motion for Objection, the filing contains no objections to the magistrate judge's Partial Report and Recommendation, instead only requesting that Petitioner's case be dismissed without prejudice, so as to allow him to exhaust in state court his remaining unexhausted claim of ineffective assistance of counsel.

Having reviewed the petition, the motion, the record, the applicable law, and the Partial Report and Recommendation of the United States Magistrate Judge, and finding the Partial Report and Recommendation to correctly state and apply the law regarding a stay, the Court will adopt it as the Court's opinion on that matter.  Therefore, the Court is unable to grant a stay of the current federal habeas petition while Petitioner seeks to exhaust in state court his ineffective assistance of counsel claim.

As to Petitioner's request indicating that he wishes to dismiss the current case without prejudice so that he might return to state court to exhaust the additional claim of ineffective assistance of counsel and then file a new habeas corpus petition in federal court asserting the two previously asserted claims of insufficiency of the evidence and excessive sentence as well as a claim for ineffective assistance of counsel, the Court will reserve its ruling.  The Court does not have sufficient evidence to know whether

---

[7] Rec. Doc. 10.

[8] Rec. Doc. 11.

Petitioner would be time-barred or otherwise precluded from filing a new habeas petition asserting all three grounds of relief. Although this Court is not required to warn Petitioner of the consequences prior to dismissing, even without prejudice, his federal habeas petition,[9] the Court wishes to ensure that Petitioner understands the ramifications of his decision considering that dismissal of the instant petition, even without prejudice, could result in a subsequent federal habeas petition challenging this conviction being deemed untimely.

A federal court will normally entertain only one federal habeas corpus petition challenging a conviction,[10] meaning that Petitioner must assert all grounds for relief at once. Petitioner cannot proceed on both the current petition *and* a later-filed second petition asserting only ineffective assistance of counsel. However, again, the Court lacks sufficient evidence to know if a later-filed petition asserting all three grounds would be untimely or otherwise precluded. The Court wishes to ensure that Petitioner is aware of the possibility that dismissing the current action without prejudice might result in some or all of the grounds for relief asserted in a subsequent action being time-barred or otherwise precluded, such that the Court might not be able to grant relief on some or all of those claims. Therefore, the Court will not dismiss this action without a separate and clearly articulated motion to dismiss filed by Petitioner, demonstrating that Petitioner has elected to forgo his option to go forward on the current petition, which asserts only the exhausted claims of insufficiency of the evidence and excessive sentence.

For the reasons set forth above,

**IT IS HEREBY ORDERED** that the Court **APPROVES AND ADOPTS** the Magistrate

---

[9] *Pliler v. Ford*, 542 U.S. 225, 231 (2004).

[10] *See* 28 U.S.C. § 2244.

Judge's Report and Recommendation and that Jamal L. Lewis's Motion for Stay of Action[11] is

**DENIED**.

      **IT IS FURTHER ORDERED** that if Petitioner still desires to dismiss the current habeas

petition, he must file a separate and clearly articulated motion requesting that relief.

      **NEW ORLEANS, LOUISIANA**, this __7th__ day of _March_, 2012.

 

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[11] Rec. Doc. 5.

4